UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL-MATEX<br>TANK TERMINALS - ILLINOIS,<br>a Delaware General Partnership,<br><br>    Plaintiff,<br><br>        v.<br><br>CHEMICAL BANK, a Michigan state-chartered bank,<br><br>    Defendant. | Case No. 1:08-cv-1200<br><br>Honorable Paul L. Maloney<br><br>Magistrate Judge Ellen S. Carmody |

**Order**

**Denying without Prejudice as Moot the Original Motion for Partial Summary Judgment;
Clarifying Deadline for Brief Opposing 2nd Motion for Partial Summary Judgment**

International-Matex Tank Terminals-Illinois, a Delaware general partnership ("Matex") filed the complaint in the United States District Court for the Northern District of Illinois in September 2008. In October and November 2008, defendant Chemical Bank, a Michigan state-chartered bank ("Chem Bank") filed two motions: a motion for transfer of venue, and a motion to dismiss for lack of jurisdiction. By minute entry issued December 2, 2008 and without opinion, the Honorable Joan H. Lefkow, United States District Judge, granted Chem Bank's motion for transfer of venue and declined to address its motion to dismiss for lack of personal jurisdiction.

The case was transferred to this court on December 17, 2008, and Chem Bank filed an answer in January 2009. In February 2009, the Magistrate Judge held a case management and

scheduling conference and issued an order setting various deadlines. On March 16, 2009, plaintiff Matex electronically filed a motion for summary judgment on counts one and two, and a brief in support [documents #37 and #38]. On April 6, 2009, however, plaintiff Matex electronically filed a corrected motion for summary judgment on counts one and two, and a corrected brief in support [documents #40 and #41].

Matex's corrected motion for summary judgment supersedes and moots the original motion, rendering it a nullity. *See In re CMS Energy Secs. Lit.*, 236 F.R.D. 338, 339 n.1 (E.D. Mich. 2006) (George Steeh, J.) ("As this amended motion . . . supersedes plaintiffs' original motion . . . , the Court hereby dismisses [sic] plaintiffs' first motion for class certification . . . .")[1]

---

[1]

*Accord* **2nd Circuit**, *M.K. v Sergi*, 2007 WL 988621, *1 n.1 (D. Conn. Mar. 30, 2007) (Wm. Garfinkel, M.J.) ("The original motion for summary judgment . . .was superseded by a corrected motion for summary judgment.");

**3d Circuit**, *Lauterborn v. R & T Mechanical, Inc.*, 2006 WL 13110, *2 (M.D. Pa. Jan. 3, 2006) (Muir, J.) ("[W]e will deny the initial summary judgment motion because it has been superseded, and will proceed to address the merits of the amended motion for summary judgment."), *recon. o.g. denied*, 2006 WL 266111 (M.D. Pa. Feb. 1, 2006);

**5th Circuit**, *Greer v. Works*, 2003 WL 21294710, *1 (N.D. Tex. June 2, 2003) (Means, J.) ("[T]he first motion [for reconsideration] . . . must be deemed moot as superseded by the amended motion."), *judgment aff'd og..*, 211 F. App'x 238 (5th Cir. 2004);

**7th Circuit,** *Roe v. Bridgestone Corp.*, 2008 WL 2732192, *11 (S.D. Ind. July 11, 2008) (David Hamilton, C.J.) ("The amended motion supercedes the original motion for class certification . . . , which is hereby denied without prejudice as moot.");

*Stavroff v. Gurley Leep Dodge, Inc.*, 413 F. Supp.2d 962, 963 (N.D. Ind. Jan. 20, 2006) (Allen Sharp, J.);

**8th Circuit**, *US v. Matus-Beyliss*, 2008 WL 2568271, *6 n.3 (E.D. Mo. June 24, 2008) (Mary Ann Medler, M.J.) ("The Amended Motion [for disclosure of confidential informants] supercedes the original motion [and] therefore, the original Motion will be denied as moot.");

*US v. Erenas-Luna*, 2007 WL 2112300, *1 (D. Neb. July 19, 2007) (Lyle Strom, J.) ("[T]he

Accordingly, the plaintiff's original motion for summary judgment [document #37] is **DENIED without prejudice as moot.**

The plaintiff's corrected motion for summary judgment [document #40] remains pending.

**The defendant's time for filing an opposition brief began on Tuesday, April 7, 2009.**

This is not a final order.

**IT IS SO ORDERED this 23rd day of April 2009.**

            /s/ Paul L. Maloney
            Honorable Paul L. Maloney
            Chief United States District Judge

---

amended motion supersedes the original motion to dismiss."), *vac'd o.g.*, – F.3d –, 2009 WL 736008 (8th Cir. Mar. 23, 2009);

**9th Circuit**, *US v. Guzman-Herrera*, 2007 WL 4248874, *1 (D. Ariz. Nov. 29, 2007) (Mary Murguia, J.) ("An amended motion supersedes an original motion. After amendment, the Court will treat an original motion as nonexistent.") (citations omitted);

**10th Circuit**, *Perkins v. Johnson*, 2007 WL 2071660, *1 (D. Colo. July 16, 2007) (Blackburn, J.) ("Because the Amended Motion to Dismiss or for Summary Judgment supersedes defendant Shifrin's original motion", the original motion was denied as moot);

**11th Circuit**, *Lexington Ins. Co. v. Rolison*, 434 F. Supp.2d 1228, 1230 (D. Ala. 2006) (Steele, J.) ("Also pending is Rolison's original Motion to Dismiss and/or Motion to Abstain. Inasmuch as that Motion has been superseded in its entirety by the Amended Motion, the original Motion . . . is moot.").