UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

INTERNATIONAL-MATEX TANK TERMINALS-                    |     Case No. 1:08-cv-1200
ILLINOIS, a Delaware general partnership,              |
                                                      |
            Plaintiff,                                 |     Honorable Paul L. Maloney
                                                      |
                v.                                     |
                                                      |
CHEMICAL BANK, a Michigan state-chartered bank,        |
                                                      |
            Defendant.                                 |
                                                      |
_____

## Order

**Denying the Plaintiff's Motion for Leave to File a Sur-Reply Brief;
Excluding Arguments and Evidence Raised for the First Time in Defendant's Reply Brief**

Plaintiff International-Matex Tank Terminals-Illinois ("IMTT") filed a motion for summary judgment on counts one and two on March 16, 2009, and defendant Chemical Bank ("Chem Bank") filed a cross-motion for summary judgment on those counts on April 6. IMTT and Chem Bank filed reply briefs in support of their motions on May 4 and May 19, respectively.

IMTT now moves for leave to file a sur-reply brief on the ground that Chem Bank's reply brief "raises new issues that were never addressed in its previously-filed brief. Specifically, Chemical Bank, for the first time, accuses IMTT of 'asking Chemical Bank to commit fraud.' This is a serious accusation that is unsupported by the law or facts and IMTT should be allowed to respond." IMTT's Mot. for Leave to File Sur-Reply at 2. IMTT charges that

> [i]n raising this new issue, Chemical Bank is trying to find an excuse, no matter how far-fetched, for missing the notification deadlines for dishonor that are set forth in the Michigan Compiled Laws and the Uniform Customs and Practice for Documentary Credits ('UCP').  Fraud is one basis for dishonor that is not subject to those deadlines.  As detailed in IMTT's previously-filed briefs, Michigan law and the UCP require Chemical Bank to notify IMTT of any discrepancies in the presentation of the July 28, 2008 Draw (the "Draw") within certain timeframes.  The law clearly dictates that Chemical Bank's failure to timely notify IMTT of any discrepancies precludes Chemical Bank from later claiming discrepancies in the presentation of the Draw.  Accordingly, all of Chemical Bank's previous arguments fail because it is uncontested that Chemical Bank did not notify IMTT of any discrepancies by the legally imposed deadlines. * * *

IMTT's Brief in Support of Mot. for Leave to File Sur-Reply at 1.

**Preliminarily, the court notes that IMTT's motion for leave to file a sur-reply is subject to dismissal *without* prejudice because it does not describe any efforts by IMTT's counsel to obtain concurrence from Chem Bank's counsel before filing the motion.**  Western District of Michigan Local Civil Rule 7.1(d) provides,

> With respect to all motions, the moving party shall ascertain whether the motion shall be opposed.  In addition, in the case of all discovery motions . . . .  *All motions shall affirmative state the efforts of the moving party to comply with the obligation imposed by this rule*.

Emphasis added.  "'The importance of the communication required by this rule . . . cannot be overstated.'" *ECM Converting Co. v. Corrugated Supplies Co., LLC*, 2009 WL 385549, *2 (W.D. Mich. Feb. 13, 2009) (Maloney, C.J.) (quoting *Woodhull v. Kent Cty.*, 2006 WL 708662, *1 (W.D. Mich. Mar. 21, 2006) (Wendell Miles, J.)).  "The remedy for failure to seek concurrence under the Local Rule 7.1(d) is denial of the motion without prejudice." *Yetman v. CSX Transp., Inc.*, 2009 WL 35351, *1 (W.D. Mich. Jan. 6, 2009) (Maloney, C.J.); *see also Kim v. USDOL*, 2007 WL 4284893, *1 (W.D. Mich. Dec. 4, 2007) (Brenneman, M.J.) ("[T]he court properly denied plaintiff's motion

-2-

for judgment on the pleadings because he failed to seek concurrence under the local court rule . . . ."); *Deuel v. Law Offices of Timothy e. Baxter & Assocs., P.C.*, 2008 WL 482850, *1 (W.D. Mich. Feb. 18, 2008) (Brenneman, M.J.) (denying motion for a more definite statement because it "failed to affirmatively state the efforts it made to ascertain whether the motion would be opposed" and failed to file a supporting brief, in violation of W.D. MICH. LCIVR 7.1(d) and 7(a)).[1]

**Dismissal for failure to comply with the consultation rule, however, would be without prejudice.  The court instead will dismiss IMTT's motion for leave to file a sur-reply *with prejudice*.**  As IMTT correctly notes, Chem Bank could and should have raised the fraud argument in its brief supporting its own summary-judgment motion, or in a brief opposing IMTT's summary-judgment motion.[2]  The most logical course of action, however, is not to complicate and prolong this dispute, and consume more judicial resources, by allowing IMTT to respond to an argument that is not properly before the court in the first place.  The court sees no reason to depart from the well-settled rule that "this court will not consider arguments that are raised for the first time in a reply brief."  *Appalachian Railcar Servs., Inc. v. Boatright Enters., Inc.*, 602 F. Supp.2d 829, – n.24, 2008 WL 828112, *37 n.24 (W.D. Mich. 2008) (Maloney, J.) (citing, *inter alia*, *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("We have found issues to be waived when they are

---

[1]

*Cf. Power Marketing Direct, Inc. v. Moy*, 2008 WL 4849289, *1 (S.D. Ohio Nov. 6, 2008) ("Defendants do not indicate in their motion for leave to file a sur-reply that any consultation with opposing counsel occurred.  Even assuming *arguendo* that such a lack of consultation is permissible or excusable . . . .").

[2]

*Cf. Banks v. Kramer*, 603 F. Supp.2d 3, 8 (D.D.C. 2009) (Royce Lamberth, C.J.) ("Plaintiff's Motion seeks leave to file a sur-reply. * * *  Because those matters could just have easily been [sic] addressed in plaintiff's opposition, plaintiff's motion for leave to file a sur-reply will be denied.").

raised for the first time in . . . replies to responses.")); *accord Am. Traffic Solutions, Inc. v. Redflex Traffic Sys., Inc.*, 2009 WL 775104, *1 (D. Ariz. Mar. 20, 2009) ("The remedy for dealing with new evidence first appearing in a reply is that we will not consider issues or evidence raised for the first time in [a] reply.") (citing *Gadda v. State Bar of Calif.* 511 F.3d 933, 937 n.2 (9th Cir. 2007)).

This rule is logical, just, and efficient. For one thing, raising a new argument, defense, or evidence in a reply brief affords the other side no opportunity to respond. *ABC Beverage Corp. v. US*, 577 F. Supp.2d 935, 950 n.16 (W.D. Mich. 2008) (Maloney, J.) (citing, *inter alia*, *NLRB v. Int'l Health Care, Inc.*, 898 F.2d 501, 506 n.5 (6th Cir. 1990)). As this court has explained,

> The opposing party should not have to incur the cost and effort of additional filings – a motion for leave to file a sur-reply, and the sur-reply itself – because the movants deliberately, or more likely inadvertently, held back part of their case. Nor should the court have to schedule oral argument when it would not have otherwise done so, merely to afford the opposing party a fuller opportunity to address the belated argument.

*Gutierrez v. 78th Judicial District Court*, 2009 WL 1507415, *1 n.2 (W.D. Mich. May 29, 2009) (Maloney, C.J.). Barring extraordinary circumstances, both the opposing party and the court are entitled to rely on the movant's opening brief as a conclusive statement of its position on the claims targeted by the motion. Both efficiency, and fairness to one's adversary, militate in favor of requiring a movant's opening brief to identify with certainty *all* the arguments and evidence which the movant believes supports his position.

"When a movant submits additional evidence [or arguments] in support of summary judgment after the filing of the non-movant's response, district courts have the option of either disregarding that additional evidence or providing the non-movant with the opportunity to file a

surreply." *Magoffe v. JLG Indus., Inc.*, 2008 WL 2883183, *2 (D.N.M. May 7, 2008) (citing *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1163-65 (10th Cir. 1998)).  *Accord US v. MWI Corp.*, 520 F. Supp.2d 128, 156 (D.D.C. 2007) ("The decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the district court.  If the movant raises arguments for the first time in his reply . . . , the court will either ignore those arguments in resolving the motion or provide the nonmovant an opportunity to respond to those arguments by granting leave to file a sur-reply.") (citing, *inter alia*, *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003)).

**Accordingly, to the extent that Chem Bank has asserted any new fraud argument, theory, or evidence in its reply brief, this court will disregard it.**  This protects IMTT's reasonable expectations about motions practice at least as much as allowing a sur-reply.  And, unlike allowing a sur-reply, this course of action safeguards the party which apparently has been diligent in its briefing (IMTT), without expending judicial resources on an issue that its adversary (Chem Bank) waived through inaction or oversight.  *See Martori v. Golden Rule Ins. Co.*, 2009 WL 1357389, *2 and *5 (D. Ariz. May 14, 2009) ("GRIC argues that the Martoris improperly raised their consent-to-removal argument for the first time in the reply.  * * *  [B]ecause the court has reached its conclusion without considering the materials supplied by plaintiffs with their reply memo . . . , GRIC's request to strike a portion of the reply and to file a sur-reply is moot."); *Ekweani v. Maricopa Cty. Sheriff's Office*, 2009 WL 976520, *1 (D. Ariz. Apr. 9, 2009) ("[W]e deny plaintiffs' motion for leave to file a sur-reply.  The local rules . . . provide for a motion, response, and reply, and we see no need to extend beyond that point in this case.  We remind the parties that we will not consider any issues or evidence identified for the first time in defendants' reply brief."); *In-N-Out*

*Burgers, Inc. v. In & Out Tire & Auto, Inc.*, 2008 WL 3413324, *4 (D. Nev. Aug. 8, 2008) ("The court will not consider this evidence, as it is evidence presented for the first time in a reply. * * * The court recognizes that plaintiff has moved to strike this evidence . . . . [T]his issue is largely moot because the court has not considered the challenged evidence in ruling on the motion for judgment on the pleadings. * * * Plaintiff's Motion for Leave to File a Sur-reply . . . is denied.") (boldface and capitalization omitted, internal citation omitted).[3]

## ORDER

The plaintiff's motion for leave to file a sur-reply brief [doc. #48] is **DENIED**.

---

[3]

*See also Fifth Third Bank v. Gentile*, 2008 WL 2390780, *5 (N.D. Ohio June 9, 2008) (Patricia Gaughan, J.) ("Ponderosa's reply raised for the first time factual arguments [sic] that were n[ot] raised before . . . . * * * The Court has already acknowledged that it may not consider Ponderosa's controverting assertions. Accordingly, plaintiff's motion to file [a] sur-reply is unnecessary and is denied.") (citation omitted);

*Bruce v. PharmaCentra, LLC*, 2008 WL 1902090, *1 (N.D. Ga. Apr. 25, 2008) ("In their reply brief, Defendants argued for the first time that any state law claims by Plaintiff Kathryn Bruce should be subject to dismissal under Rule 12(b)(6) . . . . Plaintiff filed a motion for leave to file a sur-reply to address the new argument. The Court will not consider arguments raised for the first time in a reply brief. Accordingly, because [the new] arguments . . . will not be considered in the context of the motions presently before the Court, Plaintiff's motion for leave to file a sur-reply to address these arguments is denied.") (internal citations omitted);

*Clevenger v. Dillard's Dep't Stores, Inc.*, 2007 WL 2902933, *33 (S.D. Ohio Oct. 2, 2007) (Sandra Beckwith, C.J.) ("Finally, the Court will not address Dillard's arguments regarding Towers Perrin's allegations of misrepresentation and fraud . . . . Tower Perrin has not had an opportunity to address the arguments since Dillard's raised them for the first time in its reply brief. * * * In accordance with the foregoing, the court hereby orders that the following motions are denied: Towers Perrin's . . . motion for leave to file sur-reply . . . .") (boldface and capitalization omitted), *recon. denied*, 2007 WL 4248207 (S.D. Ohio Nov. 30, 2007), *aff'd o.g.*, 2009 WL 1421118, – F. App'x – (6th Cir. May 20, 2009).

Arguments, evidence, or theories raised by Chem Bank for the first time in its reply brief **SHALL NOT** be considered in ruling on the pending summary-judgment motions. *See Susko v. Cox Enters., Inc.*, 2008 WL 4279671, *1 (N.D. W.Va. Sept. 16, 2008) ("If a court does not rely upon the new material raised in the opposing party's reply brief to reach its decision in a matter, then a surreply is superfluous and unnecessary.") (citing *EEOC v. LA Weight Loss*, 509 F. Supp.2d 527, 540 (D. Md. 2007) (denying requests to file sur-replies because the court did not rely on the new evidence and case law in the replies in making its decision) and *First Penn-Pacific Life Ins. Co. v. Evans*, 162 F. Supp.2d 423, 430 (D. Md. 2001) (denying plaintiff leave to file a sur-reply "[s]ince the Court will not be considering the additional contentions advanced" in defendant's reply brief)).

This is <u>not</u> a final order.

**IT IS SO ORDERED this 11th day of June 2009.**

 /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge