IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL-MATEX TANK
TERMINALS-ILLINOIS, a Delaware general
partnership

                Plaintiff,                Case No.  1:08-cv-01200-PLM

                    v.                     Hon. Paul L. Maloney

CHEMICAL BANK, a Michigan state-           Mag. Joseph G. Scoville
chartered bank

                Defendant.

_____

| | |
|---|---|
| David L. Rieser | Sean P. Fitzgerald |
| Brian P. O'Meara | Kreis Enderle Hudgins and Borsos PC |
| McGuireWoods LLP | 171 Monroe, Ave., NW, Ste. 900B |
| 77 West Wacker Drive, Suite 4100 | Grand Rapids, MI 49503-2634 |
| Chicago, IL 60601-1818 | Telephone:  616.254.8400 |
| Telephone:  312.849.8100 | Facsimile:  616.732.5099 |
| Facsimile:   312.920.6132 | sean.fitzgerald@kech.com |
| drieser@mcguirewoods.com | Attorney for Defendant |
| bomeara@mcguirewoods.com | |
| Attorneys for Plaintiff | |

_____

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES AND OTHER EXPENSES**

     Plaintiff International-Matex Tank Terminals-Illinois ("IMTT"), by and through its counsel, and pursuant to FED. R. CIV. PRO. Rule 54(d), W.D. MICH. L. CIV. R. 54.1 and MICH. COMP. L. § 440.5111, respectfully submits this Memorandum of Law in Support of its Motion for Attorneys' Fees and Other Expenses ("Motion") against Defendant Chemical Bank ("Chemical Bank").

**INTRODUCTION AND BACKGROUND**

On October 5, 2009, this Court granted summary judgment in IMTT's favor. As the prevailing party, IMTT is entitled under MICH. COMP. L. § 440.5111 to recover its attorneys' fees and other expenses of litigation. Through March 31, 2010, IMTT has incurred reasonable attorneys' fees in the amount of $151,471.00 and has incurred reasonable litigation expenses in the amount of $4,316.60 for a total of $155,787.60. IMTT seeks to preserve its rights to recover additional attorneys' fees and other expenses incurred after March 31, 2010 – and that it continues to incur in this action – pursuant to declarations to be submitted to the Court at a future date.

This action was originally filed on September 12, 2008 in the United States District Court for the Northern District of Illinois ("N.D. Ill.") as a two count complaint arising out of IMTT's leasing a petroleum and chemical storage tank located in Lemont, Illinois to Torco Racing Fuels ("Torco"). (Dkt. No. 1.) Specifically, IMTT filed a two count complaint against Chemical Bank – a Michigan state-chartered bank that transacts business in Illinois – alleging breach of contract and wrongful dishonor due to Chemical Bank's failure to honor a valid and enforceable Letter of Credit related to the leasing of those storage tanks. (*Id*.)

On October 3, 2008, Chemical Bank filed a motion to dismiss for lack of jurisdiction and improper venue. (Dkt. No. 10.) IMTT filed its response to that motion on November 25, 2008, specifically noting that both jurisdiction and venue were proper in the N.D. Ill. because, in part: Chemical Bank transacts business in Illinois; the action arose out of the leasing of storage tanks located in Lemont, Illinois; the Letter of Credit was directed to "IMTT-Lemont" in Lemont, Illinois; Chemical Bank's failure to honor the Letter of Credit adversely impacted IMTT's Illinois operations; and Chemical Bank's payment obligation was only triggered if Torco failed to pay rent for use of the storage tanks located in Illinois. (Dkt. No. 13.) However, because

2

IMTT elected to address the merits of the case without incurring the delay and expense of briefing the jurisdiction and venue issues, IMTT consented to the transfer of the case to the United States District Court for the Western District of Michigan (Kalamazoo) ("W.D. Mich."). (*Id.*)  IMTT never stipulated that venue and jurisdiction were improper in the N.D. Ill. (*Id.*)

On October 5, 2009, this Court granted IMTT summary judgment, and specifically directed the parties to file a notice stating the amount Chemical Bank owed IMTT in damages, including attorneys' fees pursuant to MICH. COMP. L. § 440.5111.  (Dkt. No. 59.)

## STATEMENT OF FACTS

In this action, IMTT was represented by the law firm McGuireWoods LLP. McGuireWoods LLP attorneys David L. Rieser and Brian P. O'Meara primarily represented IMTT and McGuireWoods attorneys Jonathan H. Chester and Laura A. Lange provided additional services to IMTT.

Mr. Rieser is an attorney with nearly 30 years of experience.  Mr. Rieser is admitted to practice before all Courts of the State of Illinois and before this Court.  Mr. Rieser expended 36.0 hours in representation of IMTT in this action between 2008 and 2010.  McGuireWoods LLP billed IMTT for Mr. Rieser's services at an hourly rate of $500 in 2008, $540 in 2009, and $585 in 2010.  These are reasonable hourly rates for an attorney of Mr. Rieser's experience.  For his work through March 31, 2010, IMTT seeks a lodestar amount of $19,318.00 (8.9 hours in 2008 multiplied by $500/hour, plus 21.9 hours in 2009 multiplied by $540/hour, plus 5.2 hours in 2010 multiplied by $585/hour).

Mr. O'Meara is an attorney with nearly nine years of experience.  Mr. O'Meara is admitted to practice before all Courts of the States of Illinois and Indiana and before this Court. Mr. O'Meara expended 286.0 hours in representation of IMTT in this action between 2008 and

2010.  McGuireWoods LLP billed IMTT for Mr. O'Meara's services at an hourly rate of $355 in 2008, $425 in 2009, and $465 in 2010.  These are reasonable hourly rates for an attorney of Mr. O'Meara's experience.  For his work through March 31, 2010, IMTT seeks a lodestar amount of $118,642.00 (56.8 hours in 2008 multiplied by $355/hour, plus 202.5 hours in 2009 multiplied by $425/hour, plus 26.7 hours in 2010 multiplied by $465/hour).

Mr. Chester is an attorney with nearly two years of experience.  Mr. Chester is admitted to practice before all Courts of the State of Illinois.  Mr. Chester expended 20.5 hours in representation of IMTT in this action between 2008 and 2009.  McGuireWoods LLP billed IMTT for Mr. Chester's services at an hourly rate of $315 in 2008 and 2009.  These are reasonable rates for an attorney of Mr. Chester's experience.  For his work through March 31, 2010, IMTT seeks a lodestar amount of $6,457.50 (20.5 hours in 2008 and 2009 multiplied by $315/hour).

Ms. Lange is an attorney with nearly one year of experience.  Ms. Lange is admitted to practice before all Courts of the State of Illinois.  Ms. Lange expended 12.5 hours in representation of IMTT in this action between 2009 and 2010.  McGuireWoods LLP billed IMTT for Ms. Lange's services at an hourly rate of $320 in 2009 and 2010.  This is a reasonable rate for an attorney of Ms. Lange's experience.  For her work through March 31, 2010, IMTT seeks a lodestar amount of $4,000.00 (12.5 hours in 2009 and 2010 multiplied by $320/hour).

IMTT also seeks to recover fees related to services provided by its support staff, including Robert B. Winger (Librarian), Ashley K. Doar (Librarian), and Michael J. Augle (Docket Clerk).  Those services, which McGuireWoods LLP billed IMTT at an hourly rate varying between $85 and $150, total $401.50 through March 31, 2010.

IMTT also requests an award for its reasonable litigation expenses incurred through March 31, 2010 in an amount totaling $4,316.60. Those litigation expenses are comprised of copying expenses, long distance telephone charges; online legal research (Westlaw and/or Lexis) charges; online legal research (Pacer) charges; filing charges; admission charges; certificate charges; process server charges; and FedEx charges.

## ARGUMENT

IMTT seeks an award of its attorneys' fees and litigation expenses in this action pursuant to MICH. COMP. L. § 440.5111 and this Court's October 5, 2009 order granting summary judgment in IMTT's favor.

Specifically, the Court granted IMTT summary judgment pursuant to MICH. COMP. L. § 440.5111, *et seq*. and ordered the parties to file a notice stating the amount Chemical Bank owes IMTT in damages, including attorneys' fees pursuant to MICH. COMP. L. § 440.5111. (Dkt. No. 59). MICH. COMP. L. § 440.5111(5) provides that "[r]easonable attorneys' fees and other expenses of litigation shall be awarded to the prevailing party in an action in which a remedy is sought under this article."

### I. IMTT is the Prevailing Party.

To be considered a "prevailing party" under attorney-fee shifting statutes, the plaintiff must have "prevailed" in an action brought pursuant to the statute, must obtain at least some of the relief it sought on the merits, and must be able to point to a resolution of a dispute which changes the legal relationship between itself and the defendant. *Texas State Teachers Ass'n v. Garland Ind. School Dist.*, 489 U.S. 782, 792-793 (1989); *Lancing Mercy Ambulance Svc., Inc.*

*et al. v. Tri-County Emergency Medical Control Auth. et al.*, No. 96-1495, 1997 U.S. App. LEXIS 27805 at *7-8 (6th Cir. Oct. 3, 1997).[1]

There is no doubt that IMTT has "prevailed" in this action by this Court's granting summary judgment in its favor. *Septer v. Tjarksen (In re. Atty. Fees & Costs)*, 233 Mich. App. 694, 699 (Mich. Ct. App. 1999) (a party prevailing on summary judgment is the "prevailing party"). Pursuant to the Court's October 5, 2009 ruling, IMTT has succeeded on the merits of the issues in this litigation.

**II. IMTT's Attorneys' Fees Are Properly Awarded Pursuant to the Lodestar Formula.**

The proper method for calculating an award of attorneys' fees is the lodestar method, which is calculated by multiplying the attorneys' hourly rate by the hours reasonably expended on the case by the attorney. *City of Burlington v. Dague*, 505 U.S. 557 (1992); *Advanced Accessory Systems, LLC v. Gibbs et al.*, 71 Fed. Appx. 454, 464-65 (6th Cir. 2003); *Miller v. Alldata Corp. et al.*, 14 Fed. Appx. 457, 468 (6th Cir. 2001); *Adcock-Ladd v. Sec. of Treas.*, 227 F.3d 343, 349 (6th Cir. 2000).

That lodestar figure is *presumed* to be the reasonable attorneys' fee. *Adcock-Ladd*, 227 F.3d at 349; *Miller*, 14 Fed. Appx. at 468. Further, courts consider the following factors when calculating the reasonableness of attorneys' fees: the professional standing and experience of the attorney; the skill, time and labor involved; the amount in question and the results achieved; the difficulty of the case; the expenses incurred; and the nature and length of the professional relationship with the client. *Id*; *Crawley v. Schick*, 48 Mich. App. 728, 737 (Mich. Ct. App. 1973).

In this case, IMTT employed the lodestar method to calculate its reasonable attorneys' fees incurred through March 31, 2009 in the amount of $151,471.00.

---

[1] Copies of all cited unpublished cases are attached hereto as Exhibit A.

Moreover, an examination of the factors surrounding this case confirms the legal presumption that this amount of fees is reasonable. As set forth in the affidavits of David L. Rieser, Brian P. O'Meara, Jonathan H. Chester, and Laura A. Lange, attached to IMTT's Motion for Attorneys' Fees and Other Expenses at Exs. A – D, respectively, the time expended and the rates charged by IMTT's attorneys are reasonable and necessary to the outcome achieved herein.

Indeed, IMTT's attorneys prosecuted this action diligently and efficiently, *voluntarily* agreeing to the transfer of this action from the N.D. Ill. (the forum in which this action arose, was most connected, and was first filed) to the W.D. Mich. to avoid the delay and expense of briefing jurisdiction and venue issues and for the convenience of Chemical Bank. Moreover, IMTT's attorneys secured summary judgment less than 13 months after the action was originally filed. Indeed, the expense of this litigation was only necessitated by Chemical Bank's breach and wrongful dishonor.

Additionally, IMTT's counsel's hourly rates are reasonable. The Supreme Court has held that the reasonable rate represents "the prevailing market rate in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). In this action, the rates charged by IMTT's counsel are reasonable for their community. (*See* Rieser Aff., O'Meara Aff., Chester Aff., Lange Aff.).

IMTT recognizes that its counsel's rates are those rates normally charged by its counsel in their home district. And while Courts may calculate the "reasonable rate" for out-of-town attorneys as the "reasonable rate" within the district of the forum court, that rule has exceptions and those exceptions apply in this case. *Brooks et al. v. Hattaway*, 83 Fed. Appx. 692, 694 (6th Cir. 2003); *Polk v. N.Y. State Dept. of Correctional Services*, 722 F.2d 23, 25 (2nd Cir. 1983). Indeed, courts have found such exceptions – and awarded out-of-town attorneys' the reasonable rates charged in their home district – where a suit was transferred out of a district where it had

7

been properly maintainable for the convenience of parties and witnesses, and in the interest of justice, *id.; Virginia Academy of Clinical Psychologists v. Blue Shield of Virginia*, 543 F. Supp. 126 (E.D. Va. 1982); where counsel had a special expertise, *id., Maceira v. Pagan*, 698 F.2d 38, 40 (1st Cir. 1983); or where the hiring of the out-of-town specialist was otherwise reasonable, *Brooks*, 83 Fed. Appx. at 694.

These factors all apply in this action. Indeed, IMTT has had a longstanding relationship with McGuireWoods LLP. (Rieser Aff. at ¶ 4.) Chicago-based counsel was originally retained and filed this action in the N.D. Ill. because, as discussed, this action arose out of the leasing of storage tanks in Illinois and was most connected to Illinois. The N.D. Ill. was not only an appropriate venue, but it was *the most appropriate venue*. This is not a case where IMTT retained and imported high-priced out-of-town counsel. Rather, IMTT retained attorneys with whom it had a long standing relationship and who practiced in the district where the action was filed. Additionally, McGuireWoods LLP was experienced and able to successfully prosecute this action to a favorable result in a timely and cost efficient manner, effectively securing summary judgment within 13 months of filing the action. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'"). This action was only necessitated by Chemical Bank's breach and wrongful dishonor. IMTT should be allowed to recover the reasonable fees and expenses it was forced to incur to enforce its legal rights.[2]

---

[2] To the extent that Chemical Bank challenges IMTT's counsel's time records, courts in the Sixth Circuit have held that block billing is acceptable, particularly where the party is successful on all issues in the action. *Entertainment Software Assoc., et al. v. Granholm et al.*, No. 05-73634, 2006 U.S. Dist. LEXIS 96429 at *4 (E.D. Mich. Nov. 30, 2006).

### III. IMTT Is Entitled to Recover Its Reasonable Litigation Expenses.

IMTT also requests an award for its reasonable litigation expenses incurred through March 31, 2010 in an amount totaling $4,316.60. Recovery of those expenses is expressly permitted by MICH. COMP. L. § 440.5111(5) ("Reasonable attorney's fees and other expenses of litigation shall be awarded to the prevailing party").[3]

### CONCLUSION

For all the reasons stated herein, Plaintiff IMTT's Motion for Attorneys' Fees and Expenses should be granted.

Dated: April 16, 2010

INTERNATIONAL-MATEX TANK TERMINALS-ILLINOIS

By:  s/Brian P. O'Meara
One Of Its Attorneys

David L. Rieser
David L. Hartsell
Brian P. O'Meara
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
Telephone:  312.849.8100
Facsimile:  312.920.6132
drieser@mcguirewoods.com
dhartsell@mcguirewoods.com
bomeara@mcguirewoods.com
Attorneys for Plaintiff

---

[3] *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 369 F.3d 91, 98 (2nd Cir. 2004) (charges for online research may be included in a fee award; other items that reduce attorney hours may be awarded).

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND EXPENSES** with the Clerk of the Court using the CM/ECF system on this the 16th day of April, 2010, which constitutes service on below counsel, a registered electronic filing user, pursuant to Fed. R. Civ. P. 5(b)(2)(D) and W.D. Mich. LCivR 5.7(i).

        Sean Fitzgerald
        sean.fitzgerald@kech.com


        _____s/ Brian P. O'Meara_____