UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | | |
|---|---|---|
| INTERNATIONAL-MATEX TANK TERMINALS-ILLINOIS, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:08-cv-1200 |
| v. | ) ) | Honorable Paul L. Maloney |
| CHEMICAL BANK, | ) ) | |
| Defendant. | ) ) ) | |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
SECOND SUPPLEMENTAL MOTION FOR ATTORNEY'S FEES AND EXPENSES**

After the Court of Appeals affirmed summary judgment in favor of plaintiff, Chief Judge Paul Maloney granted plaintiff's motion to reopen the case for determination of attorney's fees incurred since the time the court last assessed fees and expenses. Plaintiff then moved for an award of attorney's fees and expenses incurred on and after May 28, 2010. Plaintiff's motion (docket # 104) is supported by detailed time records from plaintiff's attorneys, authenticated by affidavits. (*See* Attachments to Plf. Brief, docket # 105). Judge Maloney has referred plaintiff's motion to me. By order entered January 12, 2012, I directed defendant to submit objections to the motion no later than February 7, 2012. Defendant has not done so.

In a previous report and recommendation (docket # 90), I set forth the legal framework under Michigan law for the assessment of reasonable attorney's fees. As Judge Maloney affirmed the legal conclusions set forth in the report and recommendation (Order, docket # 100), I

merely refer to and incorporate herein by reference the legal discussion set forth in the report and recommendation and Judge Maloney's order of affirmance.

In a nutshell, the court is required to determine the fee customarily charged in the locality for similar legal services by determining a reasonable hourly rate and multiplying that amount by the reasonable number of hours expended in the case. *See Smith v. Khouri*, 751 N.W.2d 472, 483 (Mich. 2008). Plaintiff's second supplemental motion for attorney's fees appropriately relies on the most recent survey on the economics of law practice, published by the State Bar of Michigan in January 2011. On the basis of the State Bar survey, plaintiff seeks $275.00 per hour for partner services rendered in the year 2010, and $291.50 per hour for such services rendered in the years 2011 and 2012. Plaintiff seeks $200.00 per hour for associate services rendered in the year 2010, and $212.00 an hour for services rendered in the year 2011. These hourly rates are supported by the State Bar survey and are in line with the hourly rates found to be reasonable in the previous report and recommendation, adjusted for passage of time. In the absence of any objection by defendant, these hourly rates should be deemed reasonable.

Plaintiff seeks an award of $44,780.25 in fees, on the basis of 175.8 hours expended by its attorneys from May 28, 2010, to July 11, 2012, including time spent preparing and arguing an appeal for the Sixth Circuit and seeking fees in this court. Their request is supported by detailed billing records and appears to be reasonable on its face. Defendant has not objected or advanced any reason why this expenditure of hours should be deemed unreasonable in the circumstances of this case. In addition, defendant has not objected to the assessment of litigation expenses in the amount of $1,601.71, which again appear to be reasonable on their face.

**Recommended Disposition**

I recommend that plaintiff's second supplemental motion for attorney's fees and expenses, unobjected to by defendant, be granted and that attorney's fees in the amount of $44,780.25 and expenses in the amount of $1,601.71 be awarded to plaintiff against defendant.


Dated:  February 15, 2012          /s/  Joseph G. Scoville
                                   United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).